ROBERTS, J.,
Concurring in Part and in the Result:
¶ 24. I write separately to express my reasoning for concurring in part and in result only with issue one. I am compelled to emphasize that, not only was there no error on the chancellor’s part when Joy and Steven Pearson’s child custody agreement was modified, it was not necessary for the chancellor to determine either if a material change in circumstances existed or if there was an adverse effect on the child. Mississippi Code Annotated section 93-5-24(2), (3), (4) and (6) (Rev.2004) provides the guidelines for awarding joint physical and legal custody of children. Subsection (6) specifically provides, “[a]ny order for joint custody may be modified or terminated upon the petition of both parents or upon the petition of one (1) parent showing that a material change in circumstances has occurred.” Miss.Code Ann. § 93-5-24(6) (emphasis added).
¶ 25. As noted by the majority, Steven and Joy were granted an irreconcilable differences divorce, and the two executed a child custody and property settlement *186 agreement that provided for joint legal and physical custody of their daughter. The chancellor incorporated that agreement into the divorce decree. The result of Steven’s petition for modification of the agreement, in which he sought sole physical custody, and Joy’s counterclaim for sole physical custody, was that they both were petitioning the court for modification or termination of the joint custody agreement.
¶ 26. Therefore, according to the plain language of section 93-5-24(6), the chancellor was neither required to evaluate whether there had been a material change of circumstances nor whether there was any adverse effect on the child. Just as parents can agree to joint physical custody, they may seek to have the joint custody agreement modified without showing a material change in circumstances. An evaluation of a material change becomes necessary when only one parent is seeking to modify a joint custody judgment. It was irrelevant that Joy did not specifically state in her counterclaim that she was seeking “a modification.” The net effect of her counterclaim was that she was indeed seeking a modification of the agreement: she asked for sole physical custody of her daughter. Therefore, the chancellor was not obligated to evaluate whether there had been a material change. Based on the parties’ petitions, I find that the chancellor could have simply applied the Albright factors and determined which parent was better suited to obtain sole custody of the child.
GRIFFIS, J., JOINS THIS OPINION.